TODD W. BONDER, ESQ.  (CBN 116482)
 *tbonder@rmslaw.com*
RAMI S. YANNI, ESQ.  (CBN 164927)
 *ryanni@rmslaw.com*
ROSENFELD, MEYER & SUSMAN LLP
232 North Canon Drive
Beverly Hills, California 90210-5302
Telephone:  (310) 858-7700
Facsimile:   (310) 860-2430

Attorneys for Plaintiff
FASTCABINET DOORS, INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FASTCABINET DOORS, INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> CABINET DOORS FAST, LLC, a North Carolina limited liability company; JAMES CHRISTOPER ROBINSON, an individual; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR:** <br><br> **(1)  VIOLATION OF SECTION 43(a) OF LANHAM TRADEMARK ACT -- UNFAIR COMPETITION;** <br><br> **(2)  UNFAIR COMPETITION; AND** <br><br> **(3)  DILUTION** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, FASTCABINET DOORS, INC., a California corporation (hereinafter referred to as "Plaintiff" or "Fastcabinet"), complains and alleges as follows:

## ALLEGATIONS COMMON TO ALL CLAIMS

## JURISDICTION

1.    The first claim hereof arises under the provisions of the Lanham Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq., particularly under 15 U.S.C. Section 1125(a), as amended, and alleges the use in interstate commerce of false designations of origin, false descriptions and representations of common law

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

527840.01
1
COMPLAINT FOR VIOLATION OF §43(a) OF LANHAM TRADEMARK ACT, ETC.

marks.  This Court has jurisdiction over the subject matter of this claim pursuant to 15 U.S.C. Section 1121 and 28 U.S.C. Sections 1331 and 1338.

2.    The second through fourth claims hereof each arise under the common law and statutory law of this State relating to trademark infringement and unfair competition.  This Court has jurisdiction over the subject matter of such claims pursuant to the provisions of 28 U.S.C. Sections 1338(b) and 1367, such being claims of dilution, unfair competition and trademark infringement joined with substantial and related claims under the Trademarks Laws of the United States, and under the law of supplemental jurisdiction.

**VENUE**

3.    Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391(b).

**SUBSTANCE OF THE ACTION**

4.    This is an action for unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), dilution under California Business and Professions Code § 14247, and unfair competition under California Business and Professions Code § 17200 et seq.  Fastcabinet seeks injunctive relief, an accounting and damages.

**THE PARTIES**

5.    Fastcabinet is a corporation duly organized and existing under the laws of the State of California, having its principal place of business in Chico, California.

6.    Plaintiff is informed and believes, and upon that basis alleges, that at all times relevant hereto:

(a)    Defendant CABINET DOORS FAST, LLC (hereinafter referred to as "Cabinet Doors Fast"), is and/or was a North Carolina limited liability company, is and/or was doing business in this District, and is and/or was carrying out the activities and/or causing the injuries and damages complained of herein in this District and elsewhere;

LAW OFFICES
**ROSENFELD, MEYER & SUSMAN LLP**

527840.01

2

COMPLAINT FOR VIOLATION OF §43(a) OF LANHAM TRADEMARK ACT, ETC.

1    (b)  Defendant JAMES CHRISTOPER ROBINSON (hereinafter

2 referred to as "Robinson") is an individual, is and/or was an owner of and/or

3 partner in defendant Cabinet Doors Fast, is and/or was doing business in this

4 District, and is and/or was carrying out the activities and/or causing the

5 injuries and damages complained of herein in this District and elsewhere;

6    (c)  Defendants Robinson, and DOES 1 through 5, inclusive, are

7 and/or were each officers, directors, owners, partners or agents of Cabinet

8 Doors Fast, and are and/or were each doing business under the name(s) and

9 style(s) CABINET DOORS FAST and/or Cabinetdoorsfast.com, over the

10 internet, at 1711 11th Avenue SW, Hickory, North Carolina 28602, and

11 elsewhere;

12    (d)  The true names and capacities, whether individual, corporate,

13 associate or otherwise, of defendant DOES 1 through 10, inclusive, and each

14 of them, are unknown to Fastcabinet at this time, who therefore sues said

15 defendants by such fictitious names.  Each of defendant DOES 1 through 10,

16 inclusive, the true names and capacities, whether individual, corporate,

17 associate or otherwise, of which are each unknown to Fastcabinet at this time,

18 has and/or is assisting, aiding and abetting the named defendants in carrying

19 out the activities complained of herein, or otherwise participated in,

20 contributed to, or is legally responsible in some other manner for the events

21 and occurrences herein alleged, Fastcabinet's damages as alleged herein were

22 proximately caused thereby, and each such defendant is liable to Fastcabinet

23 thereon.  Plaintiff Fastcabinet will, with leave of court, amend this Complaint

24 to show the true names and capacities of DOES 1 through 10 when the same

25 have been ascertained;

26    (e)  Robinson and DOES 1 through 10, inclusive, and each of them,

27 were at all times relevant hereto the agents, servants, partners, employees,

28 representatives, co-conspirators and/or alter egos of each of the other

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

527840.01

3
COMPLAINT FOR VIOLATION OF §43(a) OF LANHAM TRADEMARK ACT, ETC.

defendants with respect to the matters and events alleged herein, and were acting within the course and scope of such agency, partnership, employment, representative, conspiracy and/or alter ego relationship in doing the things herein alleged with the consent, permission, authorization and ratification of said other defendants, and each of them; and

(f)     Cabinet Doors Fast has been and now is the instrumentality, adjunct and alter ego of the other defendants, and each of them, in that Cabinet Doors Fast is a naked shell and framework through which said other defendants conduct their personal business and affairs, that it is managed such that the monies and/or other assets of Cabinet Doors Fast and of one or more of said other defendants are commingled, that there is a unity of interest between them, that the obligations of the other defendants are paid by Cabinet Doors Fast, and that it is owned, controlled and dominated by said other defendants, who are the controlling members and officers and managers of Cabinet Doors Fast, such that to uphold its separateness and individuality would constitute injustice and sanction a fraud.  Plaintiff Fastcabinet is further informed and believes, and upon that basis alleges, that Cabinet Doors Fast has deliberately rendered itself financially unable to respond to a money judgment through undercapitalization, gifts, salaries, transfers without adequate consideration, loans, and other devices and schemes; and unless judgment in this action includes the other defendants, and each of them, Plaintiff will not be able to recover and enforce the claims and rights herein referred to.

## PLAINTIFF'S ACTIVITIES

7.     Fastcabinet is engaged in a variety of businesses including, without limitation, the operation of an e-commerce business via a global computer network, producing, distributing and selling cabinets and cabinet components, and providing cabinet-making services, including but not limited to through its

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

527840.01

4
COMPLAINT FOR VIOLATION OF §43(a) OF LANHAM TRADEMARK ACT, ETC.

1  <fastcabinetdoors.com> website.

2      8.      Fastcabinet owns and controls all intellectual property rights and

3  trademarks, in and to, among others, the FAST CABINET DOORS mark (the

4  "Fastcabinet Mark").

5      9.      Fastcabinet has been openly and actively using the Fastcabinet Mark

6  since at least as early as January 2010.  Fastcabinet has actively advertised and

7  promoted such mark nationally and internationally, including in print and online

8  advertising.  The Fastcabinet Mark has acquired a secondary and distinctive

9  meaning among the public, who has come to identify the Fastcabinet Mark, through

10  various media, including online, print advertising and other sources, and the sale and

11  distribution of authorized products and services, as designating products and

12  services associated with Fastcabinet.  The advertising, media exposure, sales and

13  public recognition of the Fastcabinet Mark, combined with the positive experiences

14  of the public in its relationship with Fastcabinet, have made the Fastcabinet Mark a

15  distinctive mark that is symbolic of Fastcabinet and representative of the image

16  which the public has of Fastcabinet.  Fastcabinet and the Fastcabinet Mark are

17  famous and distinctive, both within the cabinet industry and throughout California.

18      10.      The revenue from products and services sold in the United States

19  bearing the Fastcabinet Mark is substantial.

20      11.      At no time have defendants, or any of them, been granted the right to

21  use the Fastcabinet Mark.

22  **DEFENDANTS' ACTIVITIES**

23      12.      Fastcabinet is informed and believes, and upon that basis alleges, that

24  the defendants herein, and each of them, have, without permission, authority or

25  license from Fastcabinet, knowingly and intentionally infringed and diluted the

26  Fastcabinet Mark, injured Fastcabinet's business reputation, and otherwise

27  competed unfairly with Fastcabinet, by, among other things, the following:

28

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

527840.01

5

COMPLAINT FOR VIOLATION OF §43(a) OF LANHAM TRADEMARK ACT, ETC.

(a)     In approximately July of 2019, defendants, acting through Robinson, registered the domain name <Cabinetdoorsfast.com> (hereinafter referred to as the "Infringing Domain Name");

(b)     Sometime after registration of the Infringing Domain Name, defendants, acting through Robinson, without authorization, licensure or other permission from Fastcabinet Doors, commenced use of the confusingly similar CABINET DOORS FAST trademark (hereinafter referred to as the "Infringing Mark") in connection with the manufacture, distribution, marketing, promotion, display, offering for license or sale, and licensing and/or sale of cabinets and cabinet components on the website operating under the Infringing Domain Name and via other sales channels;

(c) After Fastcabinet gave formal written notice to defendants of their wrongful conduct in violation of its rights and demanded that defendants discontinue their infringing activities, defendants, through CABINET DOORS FAST and Robinson, have continued their infringing activities through the date of this filing.

Fastcabinet is informed and believes, and upon that basis alleges, that the unauthorized products and/or services incorporating the Infringing Mark and/or any other marks similar to the Fastcabinet Mark, which have been manufactured, advertised, displayed, promoted, marketed, distributed, offered for sale and/or sold by any of the defendants utilize simulations and unauthorized copies and/or depictions of the Fastcabinet Mark.

13.     Despite repeated demands that defendants, and each of them, cease any and all infringing activities and transfer the rights to the Infringing Domain Name to Fastcabinet, defendants, and each of them, have failed and refused to do so and, inter alia, continue to maintain such Infringing Domain Name.

14.     Fastcabinet is informed and believes, and upon that basis alleges, that defendants have, without permission, authority or license from Fastcabinet, affixed,

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

527840.01

6

COMPLAINT FOR VIOLATION OF §43(a) OF LANHAM TRADEMARK ACT, ETC.

applied and/or used in connection with the advertisement, distribution and/or sale of goods and/or services, false descriptions and representations, including words or other symbols, which tend falsely to describe or represent such goods and/or services as Fastcabinet's and/or as affiliated with Fastcabinet, and have caused such goods and/or services to enter into interstate commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Fastcabinet.  Defendants, and each of them, by misappropriating and using the Infringing Mark in connection with their goods and/or services, have misrepresented and falsely described to the general public the origin, source, association, affiliation or sponsorship of their goods and/or services so as to create the likelihood of confusion by the ultimate purchaser as to both the source and sponsorship of said goods and/or services. Fastcabinet is aware of several instances of actual consumer confusion by customers who purchased products from defendants under the Infringing Mark and via the website operating under the Infringing Domain Name and contacted Fastcabinet asking whether that website is related to, endorsed by, or is a licensee of, Fastcabinet.

## **FIRST CLAIM FOR RELIEF**

### **(For Violation of Section 43(a)**

### **of Lanham Trademark Act -- Unfair Competition)**

15.    Fastcabinet repeats, realleges and incorporates the allegations contained in paragraphs 1 through 14, inclusive, hereof as if fully set forth hereat.

16.    Fastcabinet owns all rights, title and interest in and to the Fastcabinet Mark.

17.    Defendants' unauthorized use of the Infringing Mark and/or Infringing Domain Name is likely to cause confusion, mistake, or deception as to the source or sponsorship of defendants and defendants' goods and services.  The public is likely to believe that defendants, or any services or products offered by defendants, are somehow connected with or related to Fastcabinet.  Defendants' unauthorized use of

LAW OFFICES
**ROSENFELD,
MEYER &
SUSMAN LLP**

7

527840.01    COMPLAINT FOR VIOLATION OF §43(a) OF LANHAM TRADEMARK ACT, ETC.

1   the Infringing Mark and/or Infringing Domain Name falsely represents defendants

2   as being legitimately connected with Fastcabinet and places beyond Fastcabinet's

3   control its own reputation and ability to control the use of its marks and other indicia

4   associated with Fastcabinet.

5          18.    Fastcabinet is informed and believes, and upon that basis alleges, that

6   the unauthorized products and/or services being manufactured, advertised,

7   displayed, marketed, distributed, offered and/or sold by defendants are of inferior

8   quality, and the defendants' activities with respect thereto will be damaging to and

9   dilute both the goodwill and reputation of Fastcabinet.

10         19.    Defendants' acts and conduct as alleged hereinabove, including without

11  limitation defendants' imitation of the Fastcabinet Mark, are business practices

12  likely to deceive or confuse the purchasing public and trade upon Fastcabinet's

13  reputation, both as to the source, origin, sponsorship and approval of the goods

14  and/or services provided and as to the affiliation, connection or association of

15  defendants with Fastcabinet, and constitute acts of unfair competition, false

16  designation of origin and false representation of affiliation, all in violation of

17  Section 43(a) of the Lanham Trademark Act, 15 U.S.C. § 1125(a), as amended.

18  Fastcabinet is informed and believes, and upon that basis alleges, that each

19  defendant's acts of reputational appropriation and unfair competition was or may

20  have been willful.

21         20.    Defendants' unauthorized and unlawful acts of federal unfair

22  competition, and each of them, have enabled defendants, and each of them, to trade

23  unlawfully upon the established goodwill and reputation of Fastcabinet.  Defendants

24  are each thereby unjustly enriching themselves at the expense and to the damage and

25  injury of Fastcabinet and, unless enjoined by this Court, will further impair the value

26  of the Fastcabinet Mark and Fastcabinet's trade names and goodwill.  By reason of

27  the aforesaid, the continued use by defendants of the Infringing Mark and/or

28  Infringing Domain Name has caused, and unless restrained will continue to cause,

LAW OFFICES
**ROSENFELD,
MEYER &
SUSMAN LLP**

8

527840.01                    COMPLAINT FOR VIOLATION OF §43(a) OF LANHAM TRADEMARK ACT, ETC.

1  serious irreparable injury to Fastcabinet.

2    21.    Fastcabinet has no adequate remedy at law and has suffered and is

3  suffering irreparable harm and damage as a result of defendants' respective acts of

4  federal unfair competition in amounts thus far not determined but within the

5  jurisdiction of this Court, which amounts should each be trebled pursuant to 15

6  U.S.C. Section 1117.

7    22.    Unless enjoined by the Court, the confusion and deception noted above,

8  and the likelihood thereof, will continue with irreparable harm and damage to

9  Fastcabinet.  Accordingly, Fastcabinet seeks preliminary and permanent injunctive

10  relief pursuant to 15 U.S.C. Section 1116.

11    23.    Fastcabinet is informed and believes, and upon that basis alleges, that

12  defendants have each obtained gains, profits and advantages as a result of their

13  wrongful acts of federal unfair competition in amounts thus far not determined but

14  within the jurisdiction of this Court, which amounts should each be trebled pursuant

15  to 15 U.S.C. Section 1117.

16    24.    In order to determine the full extent of such damages, including such

17  profits as may be recoverable, Fastcabinet will require an accounting from each

18  defendant of all monies generated from the infringing activities alleged herein.

19    25.    By reason of the foregoing, Fastcabinet has incurred, and will continue

20  to incur, attorneys' fees and other costs in connection with the prosecution of its

21  claims herein, which attorneys' fees and costs Fastcabinet is entitled to recover from

22  the defendants, and each of them, herein.

23  ## SECOND CLAIM FOR RELIEF

24  ### (For State Law Unfair Competition)

25    26.    Fastcabinet repeats, realleges and incorporates the allegations contained

26  in paragraphs 1 through 25, inclusive, hereof as if fully set forth hereat.

27    27.    Fastcabinet has been using the Fastcabinet Mark, in connection with the

28  sale of its goods and services throughout the United States, including in the State of

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

527840.01

9

COMPLAINT FOR VIOLATION OF §43(a) OF LANHAM TRADEMARK ACT, ETC.

California.  As a result of Fastcabinet's extensive use and promotion of the Fastcabinet Mark, the Fastcabinet Mark has become associated exclusively in the public mind with Fastcabinet and has become distinctive of Fastcabinet and its goods and services.  As a result, the Fastcabinet Mark has come to have a secondary meaning indicative of origin, relationship, sponsorship, and/or association with Fastcabinet.  The public is likely to attribute to Fastcabinet the use by defendants, or any of them, of the Infringing Mark as a source of origin, authorization and/or sponsorship for defendants' products and/or services and, therefore, to purchase or otherwise use defendants' products and/or services in that erroneous belief.

28.    Fastcabinet is informed and believes, and upon that basis alleges, that defendants, and each of them, have intentionally appropriated the Infringing Mark with the intent of causing confusion, mistake, and deception as to the source of their goods and/or services, and with the intent to palm off their goods and/or services as those of Fastcabinet and, as such, defendants have committed trademark infringement, misleading advertising and unfair competition under the common law and under the California Unfair Business Practices Act, Cal. Bus. & Prof. Code §17200 et seq.

29.    The defendants' appropriation, adoption and use of the Infringing Mark, or elements thereof, in connection with the sale of goods and/or services are each likely to cause confusion between such goods and services offered by the defendants and the goods and services offered by Fastcabinet, thus constituting a violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code §17200 et seq.

30.    These deceptive, unfair and fraudulent practices have been undertaken with knowledge by defendants of their wrongfulness, in violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code §17200 et seq.  In connection therewith, Fastcabinet is informed and believes, and upon that basis alleges, that defendants' use of the Infringing Mark is with full knowledge of Fastcabinet's prior use and rights in the Fastcabinet Mark, and the reputation thereof.  The defendants'

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

527840.01

10

COMPLAINT FOR VIOLATION OF §43(a) OF LANHAM TRADEMARK ACT, ETC.

use of the Infringing Mark is for the willful and calculated purpose of misappropriating Fastcabinet's goodwill and business reputation at Fastcabinet's expense and at no expense to defendants.  By using the Infringing Mark, or elements associated with same, Fastcabinet has been deprived of an opportunity to conduct business under its marks and indicia and deprived of the right to control the use of its marks and indicia, and defendants have each been unjustly enriched.

31.     Fastcabinet has no adequate remedy at law and is suffering irreparable harm and damage as a result of each defendant's acts in amounts thus far not determined but within the jurisdiction of this Court.

32.     Fastcabinet is informed and believes, and upon that basis alleges, that unless enjoined by the Court, the confusion and deception noted above, and the likelihood thereof, will continue with irreparable harm and damage to Fastcabinet.

33.     Fastcabinet is informed and believes, and upon that basis alleges, that defendants have each unlawfully and wrongfully derived, and will continue to derive, income, gains, profits and advantages as a result of their wrongful acts of unfair competition in amounts thus far not determined but within the jurisdiction of this Court.  In addition, Fastcabinet is informed and believes, and upon that basis alleges, that it has lost and will continue to lose profits and goodwill as a result of defendants' conduct.

34.     By reason of the foregoing acts of unfair competition, Fastcabinet is entitled to restitution from each defendant of all income, gains, profits and advantages resulting from their wrongful conduct in amounts to be determined according to proof at trial.

35.     In order to determine the full extent of such damages, including such profits as may be recoverable, Fastcabinet will require an accounting from each defendant of all monies generated from the wrongful activities alleged herein.

36.     Fastcabinet is informed, and believes, and upon that basis alleges, that defendants, and each of them, committed the acts alleged herein intentionally,

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

527840.01

11
COMPLAINT FOR VIOLATION OF §43(a) OF LANHAM TRADEMARK ACT, ETC.

1  fraudulently, maliciously, willfully, wantonly and oppressively with intent to injure

2  Fastcabinet in its business and with conscious disregard of Fastcabinet's rights,

3  thereby justifying awards of punitive and exemplary damages against each

4  defendant in amounts sufficient to punish said defendant and set an example for

5  others.

6  **THIRD CLAIM FOR RELIEF**

7  **(For Dilution)**

8  37.    Fastcabinet repeats, realleges and incorporates the allegations contained

9  in paragraphs 1 through 36, inclusive, hereof as if fully set forth hereat.

10  38.    The Fastcabinet Mark is entitled to protection pursuant to Section

11  14247 of the California Business and Professions Code.

12  39.    By reason of Fastcabinet's use of the Fastcabinet Mark, the Fastcabinet

13  Mark has become highly distinctive of Fastcabinet, its goods and services, and has

14  become famous and distinctive.

15  40.    Each defendant's unauthorized appropriation(s) of part or all of the

16  Fastcabinet Mark, in connection with the sale of goods and/or services that are not

17  authorized or sponsored by Fastcabinet and not under Fastcabinet's control as

18  alleged hereinabove, which is valid at common law, are acts likely to blur the

19  distinctive and source indicating quality of the Fastcabinet Mark and/or dilute the

20  distinctive quality of Fastcabinet's trademark interests, and each defendant's

21  unauthorized acts should be enjoined pursuant to California Business and

22  Professions Code Section 14247 as a result thereof.

23  **PRAYER FOR RELIEF**

24  WHEREFORE, Fastcabinet demands judgment against defendants, and each

25  of them, as follows:

26  1.    That defendants, and each of them, be adjudged to have infringed the

27  Fastcabinet Mark, according to proof.

28

LAW OFFICES
**ROSENFELD,
MEYER &
SUSMAN LLP**

527840.01

12

COMPLAINT FOR VIOLATION OF §43(a) OF LANHAM TRADEMARK ACT, ETC.

2.     That defendants, and each of them, and each of their respective officers, managers, directors, agents, servants, employees, affiliated companies, representatives, licensees, attorneys, successors and assigns, and all those persons, firms, associations, corporations or other entities, in active concert or participation with any of them, be enjoined throughout the world during the pendency of this action, and permanently thereafter, from infringing the Fastcabinet Mark, from falsely designating the origin, sponsorship of or affiliation of their business or services, from unfairly competing with Fastcabinet, from diluting the distinctive quality of the Fastcabinet Mark, and from commercially exploiting Fastcabinet's identity, and specifically:

(i)     From violating, directly or indirectly, any of the exclusive rights of Fastcabinet in the Fastcabinet Mark, and/or in any other indicia or symbol or mark associated with Fastcabinet, including utilizing the Infringing Mark or similar mark or any other indicia or symbol or mark associated with Fastcabinet on any website or elsewhere in the United States or on any products or services, or to advertise, promote or sell any other business and/or service, and/or manufacturing, importing, exporting, reproducing, preparing, providing, advertising, marketing, promoting, displaying, selling, offering for sale, distributing or otherwise disposing of any and all products and/or services which infringe the Fastcabinet Mark, and/or any other indicia or symbol or mark associated with Fastcabinet;

(ii)     From otherwise infringing the Fastcabinet Mark, and/or any other indicia or symbol or mark associated with Fastcabinet, or any elements thereof, and from otherwise unfairly competing with Fastcabinet in any manner whatsoever;

(iii)     From importing, manufacturing, exporting, marketing, producing, providing, reproducing, distributing, displaying, publishing, advertising, promoting, holding for sale, selling and/or otherwise commercially exploiting any product, merchandise or service bearing or using the Infringing Mark or any

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

527840.01

13
COMPLAINT FOR VIOLATION OF §43(a) OF LANHAM TRADEMARK ACT, ETC.

simulation, reproduction, counterfeit or copy of the Fastcabinet Mark, and/or any

other trademark, service mark, trade name, trade dress, indicia or symbol associated

with Fastcabinet, or any copy, simulation, variation or colorable imitation thereof, or

any other words or symbols, which dilute the distinctive quality of the Fastcabinet

Mark, and/or any other trademark, service mark, trade name, trade dress, indicia or

symbol associated with Fastcabinet;

(iv)     From directly or indirectly applying or using on or in

connection with any website, merchandising or service, or using in connection with

the manufacture, publication, provision, marketing, advertising, display, sale,

distribution or promotion thereof, or otherwise, the Infringing Mark and/or any other

trademark, service mark, trade name, trade dress, indicia or symbol associated with

Fastcabinet, or any elements thereof, or any marks, emblems, logos, decals or terms

which in any way dilute, imitate or simulate, or are otherwise confusingly similar in

any manner to, any of the same;

(v)     From imitating, copying, using, reproducing, displaying,

maintaining on any database or computer, or authorizing or permitting any third

party to imitate, copy, use, reproduce, display, or maintain by computer or

otherwise, the Fastcabinet Mark and/or any other trademark, service mark, trade

name, trade dress, indicia or symbol associated with Fastcabinet, or any copies,

simulations, variations or colorable imitations thereof;

(vi)     From engaging in any acts or activities directly or indirectly

likely to trade upon or injure the name, reputation or goodwill of Fastcabinet or in

any manner competing unfairly with Fastcabinet by appropriating the distinctive

features of the Fastcabinet Mark, and/or any other trademark, service mark, trade

name, trade dress, indicia or symbol associated with Fastcabinet;

(vii)     From using the Infringing Mark, any simulation,

reproduction, counterfeit, copy or colorable imitation of the Fastcabinet Mark,

and/or any other trademark, service mark, trade name, trade dress, indicia or symbol

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

527840.01

14

COMPLAINT FOR VIOLATION OF §43(a) OF LANHAM TRADEMARK ACT, ETC.

1    associated with Fastcabinet, or any elements thereof, in connection with the

2    promotion, provision, advertisement, display, sale, offering for sale, manufacture,

3    importation, exportation, production, circulation or distribution of any website,

4    product or service, in such fashion as to relate or connect, or tend to relate or

5    connect, such website, product or service in any way to Fastcabinet, or to any goods

6    or services sold, provided, manufactured, sponsored or approved by, or connected

7    with, Fastcabinet;

8              (viii)    From making any statement or representation whatsoever, or

9    using any false designation of origin or false description, or performing any act,

10   including but not limited to using any trademark, trade name, logo, business name,

11   trademark, service mark, website address or other identifier, which can, or is likely

12   or calculated to, lead the trade or public, or individual members thereof, to believe

13   that any website, product or service imported, manufactured, exported, distributed,

14   provided, promoted, displayed, advertised, published, offered or sold by defendants,

15   or any of them, is in any manner associated or connected with Fastcabinet, or is

16   sold, manufactured, licensed, offered, displayed, advertised, published, sponsored,

17   approved or authorized by Fastcabinet;

18              (ix)    From diluting the distinctive quality of the Fastcabinet Mark;

19              (x)    From using the Infringing Mark, Fastcabinet Mark, and/or

20   any copy, simulation, variation or colorable imitation thereof, in any domain name,

21   URL, website description file or address or metatag;

22              (xi)    From transferring, consigning, selling, shipping or otherwise

23   moving or providing any goods, packaging or other materials in their possession,

24   custody or control bearing the Infringing Mark or a design or style substantially

25   identical or confusingly similar to the Fastcabinet Mark, and/or any other trademark,

26   service mark, trade name, trade dress, indicia or symbol associated with Fastcabinet,

27   or any elements thereof;

28

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

527840.01

15

COMPLAINT FOR VIOLATION OF §43(a) OF LANHAM TRADEMARK ACT, ETC.

(xii)     From using the Infringing Mark, Fastcabinet Mark, and/or any other trademark, service mark, trade name, trade dress, indicia or symbol associated with Fastcabinet, or any element or combination of elements thereof, or any other form of design or artwork which so resembles the Fastcabinet Mark, and/or any other trademark, service mark, trade name, trade dress, indicia or symbol associated with Fastcabinet, or any elements thereof, as to be likely to cause confusion, deception or mistake, on or in connection with the importation, manufacture, exportation, promotion, provision, display, distribution, publication, offering for sale, advertisement, or promotion of any website, product or service;

(xiii)     From representing in any manner, or by any method whatsoever, that any website, good or service not sponsored, approved, or authorized by or originating from Fastcabinet, but imported, manufactured, exported, provided, promoted, marketed, advertised, distributed, published, offered for sale and/or sold by defendants, or any of them, are sponsored, approved, or authorized by or originate from Fastcabinet, or from otherwise taking any action likely to cause dilution of the Fastcabinet Mark, and/or any other trademark, service mark, trade name, trade dress, indicia or symbol associated with Fastcabinet, or confusion, mistake, or deception as to the origin, approval, sponsorship, or certification of such website, goods or services;

(xiv)     From representing in any manner or by any method whatsoever that any business conducted by defendants, or any of them, is connected, affiliated, or otherwise associated with Fastcabinet, or from otherwise taking any action likely to cause dilution of the Fastcabinet Mark, and/or any other trademark, service mark, trade name, trade dress, indicia or symbol associated with Fastcabinet, or confusion, mistake, or deception on the part of the public as to the connection, affiliation, or other association of the business(es) of defendants with Fastcabinet;

(xv)     From committing any acts calculated to cause purchasers and/or the public to falsely believe that any of defendants' websites, products and/or

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

527840.01

16

COMPLAINT FOR VIOLATION OF §43(a) OF LANHAM TRADEMARK ACT, ETC.

1  services are displayed, sold or otherwise provided under the control or supervision

2  of Fastcabinet, or sponsored by, approved by, or associated with, affiliated with, or

3  produced under the control or supervision of Fastcabinet;

4        (xvi)    From otherwise competing unfairly with Fastcabinet in any

5  manner;

6        (xvii)    From assisting, aiding or abetting any other person or

7  business entity in engaging in or performing any of the prohibited activities referred

8  to in subparagraphs (i) through (xvi), above;

9        (xviii)    From effecting assignments or transfers, forming new entities

10  or associations or utilizing any other device for the purpose of circumventing or

11  otherwise avoiding the prohibitions set forth in subparagraphs (i) through (xvii),

12  above; and

13        (xix)    From secreting, destroying, altering, removing or otherwise

14  dealing with the unauthorized website, domain name, products and/or services, or

15  any books or records which contain any information relating to the importing,

16  manufacturing, exporting, producing, distributing, circulating, publishing,

17  providing, selling, marketing, offering for sale, advertising, promoting or displaying

18  of all websites, products and/or services which infringe any of Fastcabinet's

19  trademark rights.

20      3.    That defendants, and each of them, further be ordered and directed:

21        (i)    To immediately transfer the domain name

22  <cabinetdoorsfast.com> to Fastcabinet;

23        (ii)    To deliver up for destruction all of the merchandise, labels,

24  tags, signs, certificates, prints, catalogs, trade press and advertising, marketing and

25  promotional materials, and packaging in any defendant's possession, custody or

26  control bearing any reference to, or any or all of the distinctive features of, or are

27  otherwise diluting to the Fastcabinet Mark, and/or any other trademark, service

28  mark, trade name, trade dress, indicia or symbol associated with Fastcabinet, or any

LAW OFFICES
**ROSENFELD,
MEYER &
SUSMAN LLP**

17

527840.01    COMPLAINT FOR VIOLATION OF §43(a) OF LANHAM TRADEMARK ACT, ETC.

1  elements thereof, or any simulations, reproductions, counterfeits, copies or colorable

2  imitations thereof, and all computers, programs, tools, molds, plates, matrices,

3  materials and other means for displaying, producing and/or reproducing the same;

4        (iii)    To deliver up for destruction all of the trade press and

5  advertising, marketing and promotional materials, and packaging associated with or

6  relating to any of defendants' infringing websites, services, merchandise and/or

7  packaging, including but not limited to defendants' signs, labels, prints, packages,

8  dyes, wrappers, receptacles, business cards and letterheads and other

9  representations, and all tools, molds, plates, matrices, materials and other means for

10 producing the same;

11       (iv)    To make a diligent effort to recall and deliver up for

12 destruction all of defendants' respective infringing merchandise, goods and

13 packaging, catalogs, trade press and advertising, marketing and promotional

14 materials, already distributed so that such merchandise, goods and packaging,

15 catalogs, trade press and advertising, marketing and promotional materials, can be

16 destroyed; and

17       (v)    To file with this Court and serve on Fastcabinet, ten (10) days

18 after the issuance of any preliminary or permanent injunction by the Court,

19 whichever occurs sooner, a report in writing and under oath setting forth in detail

20 the manner and form in which defendants have each complied with the foregoing.

21     4.    For a full and complete accounting from each defendant of all

22 infringing activities undertaken by, and of all infringing services, merchandise

23 and/or goods manufactured, imported, exported, promoted, provided, displayed,

24 reproduced, distributed, marketed, held for sale and/or sold by it, and of all income,

25 profits, gains and advantages received by such defendant therefrom;

26     5.    That judgment be rendered against defendants, and each of them,

27 jointly and severally, for:

28       (i)    All income, gains, profits and other advantages received by

LAW OFFICES
**ROSENFELD, MEYER & SUSMAN LLP**

527840.01

18

COMPLAINT FOR VIOLATION OF §43(a) OF LANHAM TRADEMARK ACT, ETC.

any of the defendants and all damages sustained by Fastcabinet on account of the defendants' respective acts of trademark infringement; and furthermore, that such profits and damages as found herein be trebled pursuant to 15 U.S.C. Sections 1117 and/or 1125;

(ii)     All income, gains, profits and other advantages received by any of the defendants and all damages sustained by Fastcabinet on account of the defendants' respective acts of trademark dilution and/or unfair competition; and furthermore, that such profits and damages as found herein be trebled pursuant to 15 U.S.C. Sections 1117 and/or 1125;

(iii)    All income, gains, profits and other advantages received by any of the defendants and all damages sustained by Fastcabinet on account of the defendants' respective acts of state law trademark infringement, trademark dilution, unfair competition and/or injury to business reputation;

(iv)    Exemplary and punitive damages; and

(v)     Such other and further damages as may be available in accord with California Business and Professions Code Sections 14247 and/or 17200 et seq.

6.     That judgment be further rendered jointly and severally against each defendant for restitutionary damages in amounts to be determined at trial, but in no event less than all income, gains, profits and other advantages derived as a result of such defendant's unfair business activities.

7.     That Fastcabinet have and recover its costs and disbursements incurred in this action, including an award of its reasonable attorneys' fees.

8.     That Fastcabinet have and recover prejudgment interest on all profits and damages awarded by this Court.

9.     Directing such other relief as the Court may deem appropriate to prevent the dilution of the Fastcabinet Mark, and/or to prevent the trade and public from deriving any erroneous impression that any website, product or service provided, advertised, marketed, displayed, manufactured, sold or otherwise

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

527840.01

19

COMPLAINT FOR VIOLATION OF §43(a) OF LANHAM TRADEMARK ACT, ETC.

1  circulated or promoted by defendants are authorized by Fastcabinet or related in any
2  way to its marks, services and/or products.

3       10.    That the Court retain jurisdiction of this action for the purpose of
4  enabling Fastcabinet to apply to the Court at any time for such further orders and
5  directions as may be necessary or appropriate for the interpretation or execution of
6  any order entered in this action, for the modification of any such order, for the
7  enforcement of compliance therewith and for the punishment of any violations
8  thereof.

9       11.    That each defendant shall be jointly and severally liable for any
10  monetary award to Fastcabinet.

11       12.    That Fastcabinet have and recover such other and further relief as the
12  Court may deem just and proper.

13

14  DATED:  January 25, 2022                TODD W. BONDER, ESQ.
15                                          RAMI S. YANNI, ESQ.
                                            ROSENFELD, MEYER & SUSMAN LLP
16
17                                          By: _____
18                                              Todd W. Bonder
                                            Attorneys for Plaintiff
19                                          FASTCABINET DOORS, INC.

20

21

22

23

24

25

26

27

28

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

527840.01

20

COMPLAINT FOR VIOLATION OF §43(a) OF LANHAM TRADEMARK ACT, ETC.

1

## **DEMAND FOR JURY TRIAL**

2      Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff FASTCABINET

3  DOORS, INC. hereby demands trial by jury of all issues so triable.

4

5  DATED:  January 25, 2022                    TODD W. BONDER, ESQ.
                                              RAMI YANNI, ESQ.
6                                              ROSENFELD, MEYER & SUSMAN LLP

7

8                                              By: _____

9                                                      Todd W. Bonder
                                              Attorneys for Plaintiff,
10                                             FASTCABINET DOORS, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

527840.01

21

COMPLAINT FOR VIOLATION OF §43(a) OF LANHAM TRADEMARK ACT, ETC.